IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CV NO. 2:05cv313-T |
| | ) | WO |
| PATRICK C. HOWARD | ) | |

**O R D E R**

This action is before the court on a pleading styled as a "*Motion to Vacate Conviction and/or Amend Sentence*" (Doc. 1) filed by federal inmate Patrick C. Howard ("Howard") on April 4, 2005.[1]  By this motion, Howard seeks to utilize Rule 60(b) of the Federal Rules of Civil Procedure to challenge the sentence imposed upon him by this court in 2002 for violations of various federal controlled substance laws.

It is fundamental that Rule 60(b) of the Federal Rules of Civil Procedure cannot be utilized to attack criminal convictions or sentences. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (motion filed pursuant to Rule 60(b), *Federal Rules of Civil Procedure*, "simply does not provide relief in a criminal case").  Consequently, Howard cannot utilize Rule 60(b) as a vehicle to modify his sentence.

---

[1] Although Howard's motion is date stamped "received" on April 6, 2005, the motion was signed by Howard on April 4, 2005.  The law is settled that a pro se inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Howard's motion] was delivered to prison authorities the day [he] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing and without any contradictory evidence, the court assumes that April 4, 2005, should be considered the date of filing for Howard's motion.

Howard asks the court to reduce his sentence of imprisonment on the basis of, *inter alia*, the Supreme Court's recent decisions in *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), and *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), which Howard claims establish that his sentence is constitutionally invalid.[2] A review of Howard's motion reflects that his asserted claims attack the fundamental legality of his sentence. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

Consequently, the claims Howard now seeks to advance may be presented properly only in a 28 U.S.C. § 2255 motion. "Federal courts have long recognized that they have an

---

[2] This court notes that the Eleventh Circuit Court of Appeals has held that neither *Blakely* nor *Booker* is retroactively applicable to cases pending on collateral review. *See In re Dean*, 375 F.3d 1287 (11th Cir. 2004); *In re Anderson*, ___ F.3d ___, 2005 WL 123923 (11th Cir. Jan. 21, 2005).

obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). **Accordingly, the court concludes that Howard's pleading should be construed as a *motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.***

**In light of the foregoing, and in accordance with *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786 (2003), the court hereby advises Howard of its intention to re-characterize his pleading as a § 2255 motion.** The court **cautions** Howard that such re-characterization will render this motion and any subsequent § 2255 motion filed with this court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, Howard is **cautioned** that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.[3]

It is further

**ORDERED that on or before May 2, 2005**, Howard shall advise this court whether he seeks to:

1. Proceed before this court on those claims presented in his April 4, 2005, motion

---

[3] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

(Doc. 1);

    2.  Amend this motion to assert any additional claims on which he wishes to challenge the convictions and sentence imposed upon him by this court; or

    3.  Dismiss the motion.

    Howard is advised that if he fails to file a response in compliance with this order, this cause will proceed as an action under 28 U.S.C. § 2255, and the court will consider only those claims presented in the motion filed on April 4, 2005.

    Done this 18th day of April, 2005.

                              /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE