IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CV NO. 2:05cv313-T |
| | ) | WO |
| PATRICK C. HOWARD | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. 7) addressing the applicability of the period of limitation to the motion to vacate under 28 U.S.C. § 2255 filed by federal inmate Patrick C. Howard ("Howard") on April 4, 2005. In its response, the government argues that Howard's motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. §2255. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1] Specifically, the government argues that Howard's convictions for various controlled substance offenses became final on July 17, 2003 – 90 days after entry of the appellate court's judgment affirming those convictions – and that the instant § 2255 motion was filed well after expiration of the one-year period of limitation. *See Jun. 21, 2005, Response of United States* (Doc. 7) at 3-4.

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

   (1) the date on which the judgment of conviction becomes final;

---

[1] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Howard was convicted on June 17, 1999, and was sentenced on September 1, 1999. *See Jun. 21, 2005, Response of United States* (Doc. 7) at 2. He appealed his convictions and sentence to the Eleventh Circuit, and on June 18, 2001, that court affirmed his convictions, vacated his sentence, and remanded the case to this court for resentencing. *See id.*, Exhibit 1.

Howard was resentenced by this court on August 19, 2002. *Id*. at 2. He appealed his new sentence to the Eleventh Circuit, and on April 18, 2003, that court affirmed his sentence. *See id.*, Exhibit 2. Howard did not petition the United States Supreme Court for a writ of certiorari. Under the directives of 28 U.S.C. § 2255, then, Howard's convictions became final on July 17, 2003 – 90 days after entry of the appellate court's judgment affirming his sentence.[2] Thus, Howard had until July 19, 2004 (the first business day after July 17, 2004),

---

[2] When a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon expiration of the 90-day period for seeking certiorari review. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

to file a timely § 2255 motion. The instant § 2255 motion was not filed until April 4, 2005.

It does not appear that any of § 2255's exceptions to application of the limitation period are applicable in this case. Specifically, Howard's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, the court notes that the government has not prevented Howard from filing an earlier motion nor has Howard submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon the finality of his conviction.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255 expired prior to Howard's filing his motion to vacate. Accordingly it is

ORDERED that on or before December 21, 2005, Howard shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

Done this 30th day of November, 2005.

                                    /s/Charles S. Coody
                                    CHARLES S. COODY
                                    CHIEF UNITED STATES MAGISTRATE JUDGE